NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>EDDIE VELEZ-PENA,<br><br>Defendant. | Criminal Action No. 23-587 (RK)<br><br>**MEMORANDUM ORDER** |

**KIRSCH, District Judge**

**THIS MATTER** comes before the Court upon *pro se* Defendant Eddie Velez-Pena's ("Defendant") Motion for Reduction of Sentence under 18 U.S.C. § 3582(c). (ECF No. 45.) The Government opposes the Motion. (ECF No. 47.) For the reasons set forth below, Defendant's Motion is **DENIED** without prejudice.

## I.   BACKGROUND

Defendant pled guilty on July 25, 2023 to one count of conspiracy to distribute a controlled substance in violation of 21 U.S.C. § 846. (*See* ECF Nos. 33, 35.) In June 2022, law enforcement officers observed Defendant pass several duffel bags from his tractor-trailer to an individual in a Chevrolet Suburban SUV.[1] (ECF No. 44 at ¶¶ 9–11.) The driver of the SUV permitted officers to search the contents of his vehicle. (*Id.* at ¶ 12.) Officers ultimately found 110 kilograms of a substance that field-tested positive for the presence of cocaine. (*Id.*)

Defendant was sentenced on March 20, 2024 to an imprisonment term of 42 months. (ECF Nos. 41, 42 at 2.) Given Defendant's lawful permanent resident status, (*see* ECF No. 44 at 2), the

---

[1] At the time, law enforcement was investigating an international drug trafficking organization known for transporting narcotics via tractor-trailers. (ECF No. 44 at ¶ 8.)

Court ordered Defendant to "comply with instructions from Immigration and Customs Enforcement to resolve any problems with [his] status in the United States." (ECF No. 42 at 3.) The Court did not order a term of supervised release. (*See id.*) Defendant is currently incarcerated at FCI Allenwood Low in White Deer, Pennsylvania. (ECF No. 45 at 1.)

Defendant now moves before the Court to modify his sentence to include a term of supervised release under 18 U.S.C. § 3582(c). (*Id.*) He argues that he has been unable to apply his Earned First Step Act Time Credits ("ETCs") because his sentence does not include a term of supervised release.[2] (*Id.* at 1.) Defendant argues that he is a non-violent, first-time offender who has had no disciplinary infractions while incarcerated. (*Id.* at 2.) He argues that imposing a term of supervised release would lead to an early release from custody and permit him to return to his daughter who suffers from Down Syndrome. (*Id.*) He represents his projected release date is June 18, 2025—a little over two months from the date of this Memorandum Order—and that no Final Order of Deportation is currently pending against him. (*Id.*)

## II. LEGAL STANDARD

A district court may only modify a sentence imposed "in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010). Section 3582 of Title 18 of the United States Code, as amended by the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018), provides:

> (c) Modification of an Imposed Term of Imprisonment.—The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment

---

[2] According to Defendant, he has accrued ETCs while incarcerated by completing programming like Adult Continuing Education classes and obtaining Forklift and Flagger certifications. (ECF No. 45 at 1.)

2

(and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

(i) extraordinary and compelling reasons warrant such a reduction;

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.][3]

18 U.S.C. § 3582(c).

Prior to the passage of the First Step Act, the Bureau of Prisons was the "sole arbiter of compassionate release motions." *United States v. Lynn*, No. 07-00454, 2025 WL 663606, at *2 (D.N.J. Feb. 28, 2025) (quoting *United States v. Brooker*, 976 F.3d 228, 233 (2d Cir. 2020)). Following passage of the First Step Act, defendants were permitted to file motions for compassionate release on their own behalf. *Id.* However, prior to moving on their own behalf, a defendant still "must at least ask the Bureau of Prisons (BOP) to do so on their behalf and give BOP thirty days to respond." *United States v. Raia*, 954 F.3d 594, 595 (3d Cir. 2020). Thus, a defendant seeking a reduction of their sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) "bears the burden of satisfying both that he has (1) exhausted remedies before seeking judicial review, and (2) that compelling and extraordinary reasons exist to justify compassionate release."[4] *United*

---

[3] Defendant may not have his sentence reduced under 18 U.S.C. § 3582(c)(1)(A)(ii), as he is not at least 70 years old and has not served at least 30 years in prison, or under 18 U.S.C. § 3582(c)(1)(B), as Defendant's circumstances do not meet those outlined under Federal Rule of Criminal Procedure 35. *See* Fed. R. Crim. P. 35(a) (permitting correction of sentence due to clerical error); Fed. R. Crim. P. 35(b) (permitting reduction of sentence for providing substantial assistance in investigating or prosecuting another person).

[4] If a defendant has shown they exhausted their administrative remedies, a court will grant a motion for reduction under 18 U.S.C. § 3582(c)(1)(A)(i) if the following is true: "(1) extraordinary and compelling reasons warrant a reduction in sentence; (2) the applicable § 3553(a) factors warrant the reduction; and (3) the reduction would be consistent with applicable policy statements of the U.S. Sentencing Commission." *United States v. Moe*, 543 F. Supp. 3d 63, 66 (D.N.J. 2021) (describing this as a "substantive test").

States v. McNair, 481 F. Supp. 3d 362, 365 (D.N.J. 2020) (quoting *United States v. Sellers*, No. 10-434, 2020 WL 1972862, at *1 (D.N.J. Apr. 24, 2020)).

**III.   DISCUSSION**

Defendant has failed to demonstrate that he exhausted his administrative remedies with the Bureau of Prisons prior to bringing this Motion. *See* 18 U.S.C. § 3582(c)(1)(A). Indeed, the Government represents that "[t]he Federal Bureau of Prisons has confirmed that [Defendant] has no compassionate release requests on file." (ECF No. 47 at 2 n.1.) "[T]his exhaustion requirement is strictly applied and is not susceptible to any judicially created exceptions." *McNair*, 481 F. Supp. 3d at 366. Defendant's failure to exhaust his administrative remedies with the Bureau of Prisons "presents a glaring roadblock foreclosing compassionate release at this point." *Raia*, 954 F.3d at 597. Thus, Defendant's Motion (ECF No. 45) is **DENIED** without prejudice.

Accordingly, **IT IS** on this 7th day of April, 2025,

**ORDERED** that Defendant's Motion for Reduction of Sentence (ECF No. 45) is **DENIED** without prejudice; and further

**ORDERED** that the Clerk of the Court is directed to **TERMINATE** the Motion pending at ECF No. 45; and further

**ORDERED** that the Clerk of the Court is directed to mail a copy of this Memorandum Order to Defendant's address on record via regular U.S. mail.

**ROBERT KIRSCH**
**UNITED STATES DISTRICT JUDGE**